# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BRATTON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,[1]<br><br>　　　　　Respondent. | Case No. 1:23-cv-01748-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 6, 11)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On May 17, 2017, Petitioner was convicted by a jury in the Kern County Superior Court of aggravated assault by a life prisoner. On January 30, 2018, Petitioner was sentenced to an imprisonment term of life without the possibility of parole, plus fifteen years. (LDs[2] 1, 2.) On June 17, 2022, the California Court of Appeal, Fifth Appellate District modified the judgment by

---

[1] Christian Pfeiffer is the Warden of Kern Valley State Prison, where Petitioner is currently housed. Accordingly, Christian Pfeiffer is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents lodged by Respondent on April 3, 2024. (ECF No. 12.)

1

1  striking the parole revocation fine but otherwise affirmed the judgment. (LD 2). On July 27,
2  2022, Petitioner filed a petition for review in the California Supreme Court, which denied the
3  petition on September 14, 2022. (LDs 3, 4.)

4  On December 11, 2023, Petitioner initiated this action by filing an "Application for extension of time for initial filing of Federal Writ of Habeas Corpus" in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On December 21, 2023, the action was transferred to the Fresno Division (ECF No. 3.) In the application for extension of time, Petitioner requested an extension of sixty days, to and including January 31, 2024, to file his petition. (ECF No. 1 at 1.[3]) The Court denied the application for extension of time without prejudice, noting that Petitioner would have an opportunity to assert that he is entitled to equitable tolling in the event Respondent raises untimeliness as a defense. (ECF No. 7.)

On January 29, 2024,[4] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 6.) On April 3, 2024, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 11.) To date, no opposition or statement of nonopposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

///

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 11 at 2 n.2).

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment became final on December 13, 2022, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, December 14, 2022, and absent tolling, was set to expire on December 13, 2023. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, Petitioner did not file any

///

petitions for state post-conviction or other collateral review. (ECF No. 11 at 3 n.4.) Therefore, statutory tolling is not applicable.

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way.

Based on the foregoing, the limitation period expired on December 13, 2023, and Petitioner did not file his federal petition until January 29, 2024. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.[5]

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

2. The petition for writ of habeas corpus (ECF No. 6) be DISMISSED as untimely.

Further, the Court DIRECTS the Clerk of Court to substitute Christian Pfeiffer as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The

---

[5] In light of this conclusion, the Court declines to address Respondent's argument that Petitioner's third claim for relief is unexhausted.

assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 29, 2024**

UNITED STATES MAGISTRATE JUDGE